UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAJAN DEWAR,

        Plaintiff,

v.

FLINT CLINICAL PATHOLOGISTS,
P.C.*, et al.*,

        Defendants.

Case No. 5:24-cv-13025
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S GOLDFARB'S MOTION TO DISMISS (ECF No. 15) AND TO DISMISS HIM WITHOUT PREJUDICE

**I.**     **RECOMMENDATION**:  the Court should **GRANT** Defendants' motion to dismiss (ECF No. 15) and **DISMISS** Dr. Goldfarb **WITHOUT PREJUDICE.**

**II.**     **REPORT:**

    **A. Background**

Plaintiff Rajan Dewar initiated his action against Defendants Flint Clinical Pathologists d/b/a Integrated Pathology Associates ("IPA"), Joe Czaja, David Wiese, Aaron Goldfarb, and Richard Wheeler on November 15, 2024.  (ECF No. 1.)

According to the complaint, IPA is a business that provides anatomic pathology by a collective of board-certified pathologists to individuals in Flint,

Michigan.  (ECF No. 1, PageID.2.)  Defendant Dr. Czaja is the current president of IPA, Defendant Dr. Wiese is the former president of IPA, and Defendant Wheeler is the Chief Operating Officer of IPA.  Defendant Dr. Goldfarb is a board member of IPA.  (*Id.*)

Plaintiff emigrated from India to the United States in the late 1990s, completed his residency and fellowship programs, and started his career as a pathologist and medical researcher in about 2006.  (ECF No. 1, PageID.4.)  He received his license to practice medicine in Michigan in August of 2015, and began working at IPA as Chief of Pathology and Chief Medical Officer of Laboratory Services in February 2020.  (*Id.*)  Plaintiff alleges that "[v]arious white pathologists assigned to work as Plaintiff's subordinates refused to recognize his authority as their supervisor."  (*Id.*)  Plaintiff also alleges that "Defendant IPA's current president, Dr. Czaja, along with Dr. Wiese and Mr. Wheeler, were aware that Plaintiff's subordinates regularly disregarded his instructions and knowingly allowed this insubordination to continue, seriously hobbling Plaintiff's ability to do his job."  (*Id.*)  Notably, this allegation is not made specifically about Dr. Goldfarb.

The complaint includes allegations that "throughout his course of employment, his supervisors and colleagues subjected him to racist comments about his Indian heritage."  (ECF No. 1, PageID.5.)  He provides examples of comments made, generally, by "colleagues" and "coworkers," and one example of

2

a comment made by Dr. Weise.  (*Id.*)  Plaintiff states that "[r]ather than supporting Plaintiff's opposition to blatant discrimination, Defendants treated Plaintiff as the problem because he was unwilling to tolerate it."  (*Id.*)   He further alleges that during an October 2022 meeting, Dr. Wiese and Mr. Wheeler told Plaintiff that "he had 'communication issues' and should be 'more friendly' to the white pathologists who continuously disregarded his authority and made openly racist statements to him."  (*Id.*)  After this meeting, Plaintiff wrote a letter to Dr. Wiese, "outlining the ongoing disrespect, insubordination, and racism he regularly faced" and inviting  him to "'let me know if IPA will consider my concerns and remedy these situations, including backing me up in my leadership roles[.]'"  (ECF No. 1, PageID.6.)

Plaintiff claims that Defendants continued to ignore the alleged racial discrimination and, instead, on December 2, 2022, demoted him from his leadership roles to a pathologist at McLaren Flint, which resulted in a $5,000 deduction to his annual bonus.  (ECF No. 1, PageID.6-7.)

Finally, Plaintiff alleges that "[s]hortly thereafter, the board members of IPA—including Dr. Goldfarb—decided to abruptly terminate Plaintiff on February 28, 2023."  (ECF No. 1, PageID.7.)  This is the only allegation alleging any type of action specifically tied to Dr. Goldfarb.

On March 7, 2025, Defendant Goldfarb filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 15.) The motion has been fully briefed (*see* ECF Nos. 32, 34) and the Court finds a hearing on the motion to be unnecessary.  *See* E.D. Mich. LR 7.1(f)(2).  Judge Judith E. Levy has referred the case to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  (ECF No. 35.)

## B.  Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations" but must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). As the Supreme Court has instructed:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *[Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)]*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Iqbal*, 556 U.S. at 677-678 (internal citations omitted).

### C. Analysis

Plaintiff asserts the following claims in his complaint: (1) Count I, race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII"), asserted against Defendant IPA; (2) Count II, national origin discrimination in violation of Title VII, asserted against Defendant IPA; (3) Count III, retaliation in violation of Title VII, asserted against Defendant IPA; (4) Count IV, race discrimination in violation of the Elliott-Larsen Civil Rights Act, MCL §

5

37.2102 ("the ELCRA"), asserted against all Defendants; (5) Count V, national origin discrimination in violation of the Elliott-Larsen Civil Rights Act, MCL § 37.2102, asserted against all Defendants; and, (6) Count VI, retaliation in violation of the Elliott-Larsen Civil Rights Act, MCL § 37.2102, asserted against all Defendants.  Thus, the only claims asserted against Dr. Goldfarb are three claims under state law for violation of the ELCRA.

### 1.  Race and National Origin Discrimination

The ELCRA prohibits employment discrimination "because of religion, race, color, national origin, age, sex, sexual orientation, gender identity or expression, height, weight, familial status, or marital status."  MCL § 37.2102(1). Here Plaintiff asserts discrimination based on race and national origin." Discriminatory treatment may be proven with either direct or indirect, circumstantial evidence.  *Sniecinski v. BCBS of Mich.*, 469 Mich. 124, 666 N.W.2d 186, 192–93 (2003).

If there is no direct evidence of discrimination, the plaintiff must proceed using the same *McDonnell Douglas* burden-shifting approach that applies in Title VII cases.  *Cohen v. Gen. Motors Corp.*, No. 268239, 2007 WL 1791702, at *2 (Mich. Ct. App. June 21, 2007); *see also McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-804 (1973).  A *prima facie* case of discrimination is shown by evidence that Plaintiff was: "(1) a member of a protected class, (2) subject to an

adverse employment action, (3) qualified for the position, and that (4) others, similarly situated and outside the protected class, were unaffected by the employer's adverse conduct." *Id.* (citing *Town v. Michigan Bell Telephone Co*, 455 Mich. 688, 695 (1997)).  "[U]nder the ELCRA a plaintiff must ultimately prove that the defendant's discriminatory animus was a 'substantial' or 'motivating' factor in the decision." *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 818 (6th Cir. 2011) (citing *Sniecinski v. Blue Cross & Blue Shield of Mich.*, 469 Mich. 124, 666 N.W.2d 186, 192–93 (Mich. 2003)).

Defendant Goldfarb argues that there is nothing in the complaint regarding any discriminatory animus on his behalf and that "[a]bsent allegations sufficient to establish an animus on the part of Dr. Goldfarb, Plaintiff has failed to state a claim pursuant to the ELCRA."  (ECF No. 15, PageID.104.)  The Court should agree. The Complaint makes only two mentions of Dr. Goldfarb's name: First, identifying him as a board member of IPA.  (ECF No. 1, PageID.2.)  Second, alleging that in February 2023 "the board members of IPA—including Dr. Goldfarb—decided to abruptly terminate Plaintiff."  (ECF No. 1, PageID.7.)  This is simply not sufficient to state a claim against Dr. Goldfarb for racial or national origin discrimination under the ELCRA.

The Court recognizes that an ELCRA plaintiff, like "[a] Title VII plaintiff[,] need not make a prima facie showing to survive a motion to dismiss." *Bar v.*

*Kalitta Charters II, LLC*, No. 21-1739, 2022 WL 3042844, at *3 (6th Cir. Aug. 2, 2022) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).  A complaint "satisfies the pleading requirements of [Rule] 8(a)(2) so long as it provides an adequate factual basis for a Title VII [or ELCRA] discrimination claim."  *Id.*  "Detailed factual allegations are not necessary; a plaintiff need only allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that an employer violated Title VII [or ELCRA]." *Id.* (internal quotation marks and end citation omitted).  That said, "[w]hile the prima facie standard does not provide strict pleadings requirements, it can be a used means to examine whether a plaintiff has stated a plausible discrimination claim."  *Harrison v. Michigan Dep't of Health & Hum.* Servs., No. 22-CV-12034, 2023 WL 4237580, at *10 (E.D. Mich. June 28, 2023) (Borman, J.) (citing *Masaebi v. Arby's Corp.*, 852 F. App'x 903, 908-09 (6th Cir. 2021).  The Court may consider the elements of a prima facie retaliation claim as an aid in determining whether Plaintiff has plausibly stated a claim for relief against Dr. Goldfarb.  And in this case, Plaintiff has not pleaded facts from which an inference of discriminatory animus can be drawn *as to Dr. Goldfarb.*  Thus, Plaintiff has not adequately pleaded that Dr. Goldfarb's "discriminatory animus was a 'substantial' or 'motivating' factor in the decision." *Provenzano*, 663 F.3d at 818.

8

Plaintiff cites allegations in the complaint which relate generally to actions of "Defendants" (ECF No. 32, PageID.295), but none of these general allegations give any indication that the word "Defendants" would necessarily include Dr. Goldfarb. (ECF No. 1, PageID.5-7.)   Indeed, taken in context, the opposite is the more logical conclusion: that Defendant Goldfarb is *not* included in the generic reference to "Defendants."   In Paragraphs 3 through 8 of the complaint, under a section captioned "Parties, Jurisdiction, and Venue," the complaint lists each Defendant by name and employment title.  (ECF No. 1, PageID.2.)  Then, in a section titled "Factual Background," the complaint lists the events giving rise to the allegations in the complaint, sequentially.  This section consists of Paragraphs 17 through 40.  While the other Defendants are listed by name several times, Dr. Goldfarb is not mentioned until the penultimate paragraph, Paragraph 39.  As this is his first introduction into any of the events in the complaint, the natural conclusion is that any prior reference to "Defendants" does not include him.

Plaintiffs' Complaint instead generally makes broad allegations of conduct by "Defendants" as a group. However, "A complaint that categorically refers to "'Defendants' . . . fail[s] to 'allege, with particularity, facts that demonstrate what each defendant did to violate' the asserted right." *Harrison*, 2023 WL 4237580, at *10 (citing *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012)); *see also Marcilis*, 693 F.3d at 596 ("Given the complaint's use of either the collective

9

term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.") (*quoting Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).  As in *Harrison*, "Plaintiffs' vague and conclusory allegations about 'Defendants' . . . are not sufficient to put the individual Defendants on notice of the claims against them," at least with respect to Dr. Goldfarb, who is simply not mentioned in the vast majority of the complaint.  Accordingly, as in *Harrison*, the Court should dismiss Plaintiff's ELCRA discrimination claims against Dr. Goldfarb for insufficient allegations of personal involvement.

### 2.  Retaliation

The analysis for retaliation under ELCRA is the same as retaliation under Title VII. *See Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 472 (6th Cir. 2012) ("[T]he ELCRA analysis [for retaliation claims] is identical to the Title VII analysis.").  "To survive dismissal [of a Title VII retaliation claim], [a plaintiff] must allege that (1) she engaged in protected activity; (2) her exercise of that activity was known by the Defendants; (3) the Defendant thereafter took an action that was materially adverse to her; and (4) there was a causal connection between the protected activity and the materially adverse action." *Boxill v. O'Grady*, 935

10

F.3d 510, 520 (6th Cir. 2019) (citing *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014)).

Here, as with the ELCRA discrimination claim, there are no allegations *specific* to Dr. Goldfarb to establish any claim for relief for retaliation. Plaintiff does not even allege that Dr. Goldfarb himself *knew* of any of the events leading up to Plaintiff's termination, let alone whether Dr. Goldfarb knew of any protected activity. Certainly there are no specific allegations setting forth any kind of causal connection between Plaintiff's alleged protected activity and Dr. Goldfarb's participation in an adverse action. Moreover, the collective reference to "Defendants" cannot be used to broadly apply to Dr. Goldfarb. *See Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) ("Summary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for retaliation.'"). The Court should thus dismiss the retaliation claim against Dr. Goldfarb as well. *See Harrison*, 2023 WL 4237580, at *12 (dismissing ELCRA retaliation claim for lack of factual allegations to support a causal connection).

In sum, Plaintiff's complaint fails to meet the Rule 8 standards for any of the three claims asserted against Dr. Goldfarb. The Supreme Court has stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

11

reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted). "The goal of the complaint is to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bommarito v. Equifax Information Serv's*, 340 F.R.D. 566 (E.D. Mich. 2022) *(quoting Twombl*y, 550 U.S. at 555) (further internal citations omitted). The pleadings in the present form fail to give Defendant Goldfarb notice of how he specifically is alleged to have violated Plaintiff's rights, other than by serving on the board at IPA. While the complaint sets forth the elements of his claims, generally, a "bare-bones legal conclusions surrounded by 'threadbare recitals of the elements of a cause of action' cannot survive a motion to dismiss." *Moralez v. Moore*, No. 17-10567, 2018 WL 1406842, at *4 (E.D. Mich. Mar. 21, 2018) (Michelson, J.) (quoting *Iqbal*, 556 U.S. at 678 . Here, there are insufficient allegations against Dr. Goldfarb and as such the Court should grant his motion to dismiss.

### 3. Leave to Amend

In Plaintiff's response brief, he requests that if the Court were inclined to determine his complaint was insufficient against Dr. Goldfarb, then Plaintiff "hereby requests leave to file an Amended Complaint more comprehensively

12

alleging Defendant Goldfarb's personal knowledge of and participation in the events underlying Plaintiff's claims." (ECF No. 32, PageID.302.) Plaintiff cites *Brown v. Matauszaki*, 415 F. App'x 608, 614 (6th Cir. 2011) for the proposition that "[i]f it is at all possible that the party against whom the dismissal directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."

The problem is that, in this case, Plaintiff has not filed any motion for leave to amend, and Plaintiff's one sentence "request" for leave to amend, found embedded in his response brief, is in contravention of the local rules. *See* E.D. Mich. LR 7.1(i) ("*Motions must not be combined with any other stand-alone document*. For example, a motion for preliminary injunctive relief must not be combined with a complaint, *a counter-motion must not be combined with a response or reply*, and a motion for downward departure must not be combined with a sentencing memorandum.") (emphases added). Thus, the Court will not act on a request found within a motion. To permit an amendment in this fashion deprives the opposing party of an adequate opportunity to provide the full response to which it is entitled under E.D. Mich. LR 7.1(d)(3), and gives the Court no basis to test whether such an amendment would be futile, particularly without a proposed amended complaint for the Court or the defendants to consider, as required by E.D. Mich. LR 15.1. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility among the

13

bases for denying leave to amend). The offhanded reference to seeking leave to amend also makes no mention of whether Plaintiff held a conference with any of the defendants to explain his requested amendment and potentially gain concurrence, as required by E.D. Mich. LR 7.1(a).

Moreover, the Court has no idea whether it is possible to amend the pleadings with the requisite allegations to state a claim against Dr. Goldfarb. This is not a situation where Plaintiff failed to allege a specific missing date or other formulaic defect. Instead, Plaintiff has failed to show how Dr. Goldfarb was connected *at all* to the alleged discriminatory actions in the complaint. Thus, the Court will not preemptively grant Plaintiff leave to file an amended pleading. However, the Court will dismiss Dr. Goldfarb without prejudice to the right of Plaintiff to file a motion to amend, in compliance with the local and federal rules, if he intends to pursue this course of action. Should Plaintiff believe he has a good faith basis, consistent with counsel's Rule 11 obligations, to bring an amended complaint including renewed claims against Dr. Goldfarb, the Court will evaluate the motion under the Rule 15 guidelines and standards.

## III. CONCLUSION

For the reasons stated above, the Court should **GRANT** Defendant Goldfarb's motion to dismiss (ECF No. 15) and **DISMISS** Dr. Goldfarb **WITHOUT PREJUDCE**.

## IV.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

**IT IS SO ORDERED.**

Dated:  March 31, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

16